## WARDWELL, Appellee, v. CINCINNATI STREET RAILWAY COMPANY, Appellant.

Ohio Appeals, First District, Hamilton County.

No. 6535. Decided February 3rd, 1946.

John A. Thorburn, Cincinnati, for appellee.
C. R. Beirne, Cincinnati, for appellant.

### OPINION

By THE COURT:

Appeal from a judgment of the Municipal Court of Cincinnati, awarding property damages to plaintiff as the result of a collision between plaintiff's automobile and a bus of defendant, occasioned as both vehicles being driven in a westwardly direction on Dale Road came in contact, when plaintiff turned left in front of the bus to enter the driveway of his residence, situated on the south side of Dale Road.

No witnesses were called by either party and the case was presented to the court without a jury by agreement of counsel, on a stipulation as to what the witnesses would say if called to testify. The entire stipulation is set forth, as follows:

"It is stipulated and agreed by and between counsel for the plaintiff and counsel for the defendant as follows:

"That on January 23, 1945, at about 6:55, p. m., the plaintiff, Joseph Wardwell, was driving his 1940 Pontiac Sedan westwardly on Dale Road, a forty foot highway, not laned for traffic, in Cincinnati, Hamilton county, Ohio, and that behind him there was a bus of The Cincinnati Street Railway Company, the defendant, being operated by Alfred R. Jansen, an employee of the company in the course of his employment. Said bus was also being operated in a westwardly direction; that thereafter, the plaintiff started to turn his automobile to his left toward the south side of Dale Road, to enter the driveway at plaintiff's home located at 1759½ Dale Road and opposite Newfield Street which comes into Dale Road from the north but does not cross Dale Road; that as the plaintiff's automobile was turning and facing in a southwesterly direction, it was struck on the left side by the defendant's bus which was, at the time of the collision, preparing to pass plaintiff's automobile on the left side thereof and said bus was at the time of said collision on the south side of Dale Road and to the left of the center thereof; that at the time of said collision it was dark and there was no daylight.

"It is further agreed that neither plaintiff nor defendant will call any witnesses to testify in this case, but that if called Joseph Wardwell will testify that he is the plaintiff and lives at 1759½ Dale Road and was driving his automobile, immediately before the collision, westwardly on Dale Road on the right hand side thereof but in that part of the right or north half of Dale Road nearest to the center thereof; that he gave a hand signal of his intention to make a left turn and also looked around and saw that the bus was one hundred feet away, and that he was almost crosswise in the street and headed into his driveway on the south side of Dale Road, when the bus struck the left rear of his auto; that the rear stop lights of his auto were out of order but his tail light was burning.

"Joseph Wardwell, Jr., son of the defendant, would testify that he was a passenger in his father's automobile at the time of the collision and that the bus laid down skid marks fifty feet long. In all other respects, his testimony would be the same as that of his father.

"Keating Armstrong would testify that he was a passenger on the bus in the second seat from the front on the right hand side and was facing forward; that the bus was going westwardly on Dale Road behind plaintiff's automobile, when the plaintiff's automobie was going approximately ten miles per hour; that the bus started to pass plaintiff's automobile on the left and in order to do so, the bus went to the left of the center of Dale Road and that as it did so the plaintiff's

automobile turned left in front of the bus from that part of the north half of Dale Road nearest to the north curb and that the plaintiff gave no signal of his intention to make the turn before making the turn; that at the time plaintiff's automobile turned in front of the bus, the bus was approximately eighteen feet away.

"Dorothy Trimble, if called to testify, would testify that she was a passenger on the bus in the second seat from the front on the left side thereof, and saw plaintiff's automobile turn left in front of the bus from that part of the north half of Dale Road nearest to the north curb thereof, when the bus was about thirty feet away and on the south side of Dale Road preparatory to passing plaintiff's automobile, and that the plaintiff gave no hand signal of his intention to make the left turn.

"Harvey Schaedle would testify, if called as a witness, that he is employed as a highway safety patrolman in the Cincinnati Police Department, and that he arrived at the scene of the accident after it had occurred; that Dale Road is a through highway and that traffic entering Dale Road from side streets is required to come to a stop before doing so; that he looked for skid marks at the scene of the accident but found none.

"It is further stipulated that the bus came to a stop when the front end was opposite the entrance of the plaintiff's driveway; that it struck the left rear of plaintiff's automobile; that plaintiff's automobile came to a stop in the driveway but with its right rear in the grass south of the south side of Dale Road and west of said driveway.

"It is further stipulated that if Augusta Weiss were called as a witness, she would testify that she was a passenger on the bus seated in the first seat on the left hand side; that the bus was following plaintiff's automobile about forty feet behind it and turned to the left on the south side of Dale Road, to pass plaintiff's automobile and when the bus was about twenty feet from plaintiff's automobile, the plaintiff, would giving a hand signal of his intention to turn, turned left to go into a driveway on the south side of Dale Road across the front of the approaching bus and the bus hit the left rear fender.

"Alfred R. Jansen, if called to testify, would testify that he was the operator of the defendant's bus; that he was proceeding westwardly on Dale Road behind plaintiff's automobile and that when plaintiff's automobile was on that part of the north side of Dale Road next to the north curb, he turned the bus to the left of the center thereof on the south half of

Dale Road, to pass the automobile, after giving a horn signal of his intention to pass plaintiff's automobile, and that when his bus was eighteen to twenty feet east of the plaintiff's automobile, the automobile turned left in front of the bus and the driver of the automobile gave no signal of his intention to make the left turn; that the bus made no skid marks and stopped so that the front end was opposite the entrance of plaintiff's driveway; that when the bus was on the left side of Dale Road and preparing to pass the plaintiff's automobile, the left hand side of the bus was approximately four to six feet from the south side of said Road.

"Damage plaintiff's car stipulated to be $66.67."

Examination of the above stipulation fails to reveal any substantial evidence tending to show negligence on the part of the defendant, and the mere happening of the collision cannot be relied upon to show such negligence.

The judgment is therefore reversed and the cause remanded with instructions to enter final judgment for the defendant, at the costs of the plaintiff.

HILDEBRANT, P. J., MATTHEWS & ROSS, J. J., concur.